# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIDWEST ATHLETICS AND** | : | **CIVIL ACTION** |
| **SPORTS ALLIANCE LLC** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **RICOH USA, INC.** | : | **NO. 19-3423** |

## MEMORANDUM

**Savage, J.**                                                                                              **August 26, 2019**

      The plaintiff and the defendant have filed separate motions seeking to seal emails attached as exhibits to the plaintiff's motion to consolidate this action and the defendant's response to the motion. The plaintiff requests an order sealing the emails on the basis that they "contain highly-confidential business information and sensitive financial terms." At the same time, it states that the public already has access to the information through publicly filed documents.

      In the defendant's motion, it seeks to seal exhibits 2 through 5 of its opposition to the motion to consolidate filed by the plaintiff. The only ground asserted for sealing is that the plaintiff designated them as "Highly-Confidential-Attorneys' Eyes Only" pursuant to a Stipulated Protective Order, and the plaintiff requested they be kept under seal. Apparently, the defendant has no interest in sealing the emails, but is only accommodating the plaintiff.

      There is no protective order in place. In the related case, the parties submitted a Proposed Stipulated Protective Order.[1] It was not approved. The defendant filed an unopposed motion to file its opposition to the plaintiff's motion to amend its complaint and

---

[1] Document No. 5.

exhibits,[2] and modified it four days later.[3] Those motions were denied.

The parties make no showing that disclosure of the exhibits contain confidential commercial or proprietary information. Merely because the plaintiff has designated them as confidential does not make them so. Although the parties may agree to shield information contained in discovery materials, they may not do so once those materials become part of the court record. The parties may have entered into an agreement to keep documents confidential during discovery, but that agreement does not protect judicial documents from disclosure.

A more rigorous standard is applied in determining whether court documents can be sealed than is applied to protective orders shielding discovery materials. Once a discovery document becomes a court document filed of record, a presumptive right of public access arises. *In re Avandia Marketing, Sales Practices and Products Liability Litig.*, 924 F.3d 662 (3d Cir. 2019).

"The First Amendment right of access requires a much higher showing than the common law right [of] access before a judicial proceeding can be sealed." *Id.* at 673 (*citing In re: Cendant Corp.*, 260 F.3d 183, 198 n.13 (3d Cir. 2001)). Any restriction on this right is evaluated under a strict scrutiny standard. *Id.*

The presumption of openness may be overcome. *Id.* at 672 (*citing Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). The party seeking to seal documents has the burden of showing "that the interest in secrecy outweighs the presumption" and disclosure will cause the proponent "a clearly defined

---

[2] Document No. 100.
[3] Document No. 104.

2

and serious injury." *Advandia*, 924 F.3d at 671. In defining the injury, the proponent must be specific. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* Absent specificity, a court cannot conduct the balancing of competing interests required before the presumption of public access can be overcome by the parties' secrecy interests.

When a court analyzes a request for a sealing order, it must do so on a document-by-document basis. Thus, the proponent of sealing must articulate with specificity the injury that would result if the particular document or parts of it were made public.

Merely reciting the *Pansy*[4] factors in seeking a sealing order is insufficient. Although they provide useful guidance for conducting the balancing test, the *Pansy* factors "are not sufficiently robust for assessing the public's right to access judicial records." *Id.* at 676. Indeed, at least two of them, the second and third, are incompatible with the right of access. Whether disclosure will cause a party embarrassment or whether the information is being sought for a legitimate or improper purpose have no place in the balancing test.

Sealing orders may not be routinely entered without the rigorous analysis required. A court must always balance the private versus the public interests and articulate findings in deciding whether to enter a sealing order. The motions provide insufficient information to allow us to perform the necessary balancing test.

None of the nine exhibits the plaintiff seeks to have sealed contain any confidential information that could cause the plaintiff any harm. Disclosure will not result in a "clearly

---

[4] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1997).

defined and serious injury." Because the plaintiff designated the emails as "Highly-Confidential-Attorneys' Eyes Only" does not qualify them as sealable.

Despite the plaintiff's representation that exhibits "contain highly-confidential business information and financial terms," they do not. Nor do they reveal the content of negotiations as the plaintiff asserts.

The parties are advised to review each document they seek to shield from public view before making representations that they contain confidential information which, if made public, will cause serious injury. Indeed, the emails at issue in this case are harmless.

/s/ TIMOTHY J. SAVAGE J.